IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED

JUL 29 2010

CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) ) TIDEWATER PLASTERING AND DRYWALL ) COMPANY, INC., ) ) Defendant. ) ) | CIVIL ACTION NO. 2:10cv369  COMPLAINT  JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, and to provide appropriate relief to Jorge Calderon ("Calderon") who was adversely affected by such practices. Specifically plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant, Tidewater Plastering and Drywall Company, Inc. ("Defendant"), violated Title VII when it subjected Calderon to a hostile work environment based on his sex and national origin, and constructively discharged Calderon from his position as a drywall mechanic.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Virginia corporation, has continuously been doing business in the State of Virginia and the City of Virginia Beach, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jorge Calderon filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least September 2008 until around February 2009, Defendant engaged in unlawful employment practices at worksites in Norfolk, Virginia, in violation of Section 703(a)(1) of Title VII. Specifically, Defendant subjected Calderon to a hostile work environment based on his sex, male, and national origin, Peruvian, and constructively discharged Calderon.

8. Jorge Calderon was hired by Defendant as a drywall mechanic in or around August 2008. Beginning in or around September 2008, Defendant subjected Calderon to unwelcome sexual comments and conduct that created a hostile work environment based on his sex, male. The unwelcome sexual comments and conduct were perpetrated by Calderon's male foreman (hereafter "the Foreman"), and was unwelcome to Calderon.

9. The Foreman frequently held and caressed Calderon's hands, told Calderon that he, Calderon, looked "sexy," and blew Calderon kisses. The Foreman also would walk up behind Calderon when Calderon was in a confined space, and caress Calderon's back. These types of sexual comments and conduct occurred daily, as often as three to four times per day. Additionally, on at least one occasion, the Foreman told Calderon that Calderon would have to sleep with "the boss" (meaning the Foreman) if Calderon wanted to work at Defendant's next job.

10. Calderon was offended by the comments and conduct, and did not welcome or invite them. Calderon would often make faces showing his displeasure to the Foreman when the Foreman made sexual comments to him. Calderon would also tell the Foreman to stop subjecting him to the conduct, and that the conduct was "not normal."

11. The sexual comments and conduct were sufficiently severe or pervasive that they created a sexually hostile work environment for Calderon, causing him to become withdrawn and apprehensive both at work and at home and causing him to be constantly watchful at work in an attempt to avoid further advances by the Foreman. For instance, when working in confined

spaces, Calderon would turn his back to a wall to avoid the Foreman touching him on those occasions when he saw the Foreman approaching.

12. Beginning in or around September 2008, Defendant subjected Calderon to unwelcome sexual comments and conduct that created a hostile work environment based on his national origin, Salvadoran. Specifically, the Foreman made derogatory comments to Calderon and taunted Calderon almost daily throughout Calderon's employment for being Salvadoran. The Foreman called Calderon "stupid Salvadoran" and made other remarks indicating that Calderon was not intelligent because of his national origin. The Foreman also made comments indicating that that he, the Foreman, was "better than" Calderon because the Foreman is Peruvian and Calderon is Salvadoran.

13. Calderon opposed the Foreman's national origin-based derogatory comments by telling the Foreman such things as America is "everybody's country" and that in America differences "such as this" (meaning based on national origin) do not matter. Despite Calderon's protests, the Foreman continued to make similar derogatory comments about Calderon's national origin nearly every day throughout Calderon's employment.

14. Because of the sexual harassment and the national origin harassment, Calderon complained to the Foreman's superiors on or about February 27, 2009. When Calderon advised Defendant's president that the Foreman was blowing him kisses and touching his hands "like a woman," the president advised Calderon that he, the president, does not ask employees about their sexual preferences, and that there was nothing he could do about the Foreman's conduct. The president walked away prior to giving Calderon an opportunity to discuss the national origin harassment.

15. As a result of Defendant's president's refusal to address Calderon's complaint about the Foreman's unlawful conduct, Calderon felt that his work environment was so

intolerable that he was forced to resign. Accordingly, Defendant constructively discharged Calderon.

16.     The effect of the practices complained of above has been to deprive Jorge Calderon of equal employment opportunities and otherwise adversely affect his status as an employee, because of his sex, male, and national origin, Salvadoran.

17.     The unlawful employment practices complained of above were intentional.

18.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jorge Calderon.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from creating or maintaining a hostile work environment based on sex and/or national origin, or any other employment practice which discriminates on the basis of sex and/or national origin, and from retaliating against employees who oppose practices made unlawful by Title VII.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all, without respect to sex, for persons of Central American origin, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Jorge Calderon, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make whole Jorge Calderon by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above,

including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self esteem, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

  E. Order Defendant to pay Jorge Calderon punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 29th day of July, 2010.

        Respectfully submitted,
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        DAVID LOPEZ
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        TRACY HUDSON SPICER
        Supervisory Trial Attorney
        Washington Field Office
        131 M Street N.E. Washington, D.C. 20507
        Phone: (202) 419-0711
        Fax: (202) 419-0701
        E-mail: tracy.spicer@eeoc.gov

LYNETTE A. BARNES
Regional Attorney
U.S Equal Employment Opportunity
Commission
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202
Phone: (704) 954-6462
Fax:    (704) 954-6412
E-mail: lynette.barnes@eeoc.gov


_____
AMY GARBER
Trial Attorney
Virginia Bar No. 37336
U.S. Equal Employment Opportunity
Commission
Norfolk Local Office
200 Granby Street, Suite 739
Federal Building
Norfolk, VA 23510
Phone: (757) 441-3134
Fax:    (757) 441-6720
E-mail: amy.garber@eeoc.gov