IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.2:10-cv-369 |
| v. | ) ) | CONSENT DECREE |
| TIDEWATER DRYWALL & PLASTERING COMPANY, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

**FILED**

**MAY - 6 2011**

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant's foreman Daniel Centurion subjected Jorge Calderon to a hostile work environment based on his sex, male, and national origin—Salvadoran.

The Commission and the Defendant, Tidewater Plastering & Drywall Company, Inc. (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:  (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of sex or national origin or any other protected category within the meaning of Title VII.

2.      Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.      Defendant shall pay Jorge Calderon the sum of $30,000.00 (thirty thousand dollars) in settlement of the claims raised in this action.  Defendant shall make payment by issuing a check payable to Jorge Calderon.  Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Jorge Calderon at an address provided by the Commission.  Within fifteen (15) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Jorge Calderon.

4.      Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Jorge Calderon any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 437-2009-00887 and the related events that occurred thereafter, including the filing and presentation of this law suit.  Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5.      Defendant agrees to provide a positive letter of reference for Jorge Calderon, a copy of which is attached hereto as Exhibit A. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall a copy of the letter of reference, signed by the company president, to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C., 28202.

6.      Within thirty (30) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and national origin harassment; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned thirty (30) day time period. Within forty-five (45) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

7.      During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of their facilities and work sites in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8.      During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its

1-1025507.2

3

prohibitions against sex harassment, national origin harassment, and against any act of retaliation against those who have opposed unlawful discrimination in the workplace or who have participated in any EEOC process. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6. above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within sixty (60) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9.     Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at all of its facilities and work sites. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10.     During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

> A.     the identities of all individuals who, during the previous six (6) months, have complained about comments or conduct based on sex or national origin, or alleged harassment based on sex or national origin under Title

VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including the each person's name, address, telephone number, position, and social security number;

B.  for each individual identified in 10.A. above, provide a brief description of the individual's complaint and explain how Defendant investigated the incident, including but not limited to: (1) who conducted the investigation; (2) the names of anyone interviewed as part of the investigation; and (3) the outcome of the investigation;

C.  for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D.  for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

11.  The Commission may review compliance with this Decree.  As part of such review, the Commission may inspect any and all of Defendant's facilities and worksites at any time, interview employees, and examine and copy documents.

12.  If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant.  Defendant shall have ten (10) days in which to investigate and respond to the allegations.  Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13.  The term of this Decree shall be for three (3) years from its entry by the Court.

14.  All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15.     Each party shall bear its own costs and attorney's fees.

16.     This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.


_____                    _____
Date                                            Judge, U.S. District Court
                                                Eastern District of Virginia

The parties jointly request that the Court approve and enter the Consent Decree:

This the 19th day of April , 2011

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE BARNES
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

Amy E. Garber
Senior Trial Attorney
VSB# 37336
200 Granby Street, Suite 739
Norfolk, VA 23510

MAY 6, 2011

Robert G. Doumar
Senior United States District Judge

TIDEWATER PLASTERING &
DRYWALL COMPANY, INC., Defendant

William M. Furr, Esq.
WILLCOX SAVAGE
VSB# 29554
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510

I-1025507.2

7